# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 14-51058
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOAQUIN GARDUNO-CASTILLO,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-880-1

———————

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joaquin Garduno-Castillo appeals the sentence imposed for his guilty plea conviction of illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the 24-month within-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). According to Garduno-Castillo, the guidelines range was too high to fulfill § 3553(a)'s goals because

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51058

U.S. Sentencing Guideline § 2L1.2 is not empirically based and effectively double counts a criminal record.  He also urges that the guidelines range overstated the seriousness of his non-violent reentry offense and failed to account for his personal history and characteristics.  He specifically cites his arrival in the United States at the age of 19, the 17 years he spent working for the same landscaping company, his close relationship with his wife and four children, who are United States citizens and live in Illinois, and his desire to reunite with and support them.

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).  When, as here, the district court imposes a sentence within a properly calculated guidelines range, we "give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, Garduno-Castillo argues that the presumption of reasonableness should not apply because § 2L1.2 lacks an empirical basis.  As Garduno-Castillo concedes, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  We have also rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529-31, and that the Guidelines overstate the seriousness of illegal reentry because it is only a

No. 14-51058

non-violent international-trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered the § 3553(a) factors and Garduno-Castillo's arguments for leniency and concluded that a sentence within the guidelines range was sufficient, but not greater than necessary, to satisfy the goals in § 3553(a). Garduno-Castillo's assertions that § 2L1.2's lack of an empirical basis, the double-counting, the non-violent nature of his offense, his employment history, his close ties to his wife and children, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Therefore, he has failed to show that the within-guidelines sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.